EUGENE BURNELL, PROSECUTOR, v. ATLANTIC COUNTY COURT OF COMMON PLEAS AND FRANK C. MAIMONE, DEFENDANTS IN CERTIORARI.

Decided May 12, 1925.

**Trial De Novo—Proceedings Before Magistrate Nullified Except the Initiatory Complaint and Warrant—Failure of Trial Judge to Make Finding of Guilt—Conviction Set Aside.**

On *certiorari* to Atlantic County Court of Common Pleas.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Aaron Heine* (*D. Truman Stackhouse, of counsel*).

For the defendants, *Charles M. Phillips* (*Clinton C. Shinn,* of counsel).

PER CURIAM.

The record of the Court of Common Pleas shows that what it did was to "affirm the decision of the justice and will remand the defendant to jail," whereas the statute expressly provides that on an appeal there shall be a trial *de novo,* and, therefore, after the hearing and the finding of the trial judge that the accused was guilty of the offense charged against him, it was incumbent upon the court to pronounce a judgment of its own. The reasons for this lies in the fact that the trial *de novo* nullifies the proceedings before the magistrate, except the initiatory proceedings of complaint and warrant. Because of the failure of the trial judge to make a

finding that the accused was guilty of the offense charged against him in the complaint, and to pronounce judgment on such conviction, it becomes unnecessary to consider the other reasons urged in the prosecutor's brief for setting aside the conviction, the conviction under review will be set aside.  See *State, McLorinan* v. *Ryno,* 49 *N. J. L.* 603; *Terhune* v. *Reed,* 75 *Id.* 77.